**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 5, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

IGNACIO ALVAREZ-PEREZ,

    Defendant - Appellant.

No. 05-2068

D. New Mexico

(D.C. No. CIV-04-384 BB/DJS
and CR-02-501 BB/DJS)

**ORDER**

Before **HARTZ**, Circuit Judge, **SEYMOUR**, Senior Circuit Judge, and
**McCONNELL**, Circuit Judge.

Ignacio Alvarez-Perez was convicted by a jury in the United States District
Court for the District of New Mexico on three drug charges. On April 2, 2003, he
was sentenced to 151 months in federal prison. On April 5, 2004, he filed a
motion for a writ of habeas corpus under 28 U.S.C. § 2255, arguing that he was
denied effective assistance of counsel when his trial counsel failed to appeal his
conviction despite his instructions to do so. The district court dismissed the
motion with prejudice and denied a certificate of appealability (COA), *see*
28 U.S.C. § 2253(c)(1) (requiring COA). We deny a COA for substantially the
same reasons.

## I. BACKGROUND

The magistrate judge in the § 2255 proceeding held an evidentiary hearing at which Mr. Alvarez-Perez and his trial counsel, Paul Rubino, testified. Mr. Alvarez-Perez testified that he told Mr. Rubino after the sentencing hearing that he "was not comfortable with the amount of time that I had been given" and that "I wanted for him to file an appeal for me." Supp. Vol. I at 8. He also testified that afterwards he was under the impression that Mr. Rubino had filed an appeal. Mr. Rubino's testimony was to the contrary. Although he agreed that he and Mr. Alvarez-Perez had discussed filing an appeal, he said that he had told Mr. Alvarez-Perez that there was no basis for an appeal, and that Mr. Alvarez-Perez's response had been "'don't file an appeal if there is no basis.'" *Id.* at 22.

The magistrate judge believed Mr. Rubino: "Having heard the testimony of the witnesses and observing their demeanor during the hearing, I find trial counsel's testimony credible." Magistrate Judge's Proposed Findings and Recommended Disposition at 3. The magistrate judge noted Mr. Alvarez-Perez's concession that "perhaps, [Mr. Rubino] did not understand me" and observed that "[a]t best, this is a case where Alvarez-Perez failed to clearly convey his wishes that Rubino file an appeal." *Id*. The magistrate judge recommended that Mr. Alvarez-Perez's § 2255 motion be denied. The district court adopted the

magistrate judge's proposed findings and recommended disposition, dismissing the habeas motion.

## II.    DISCUSSION

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means that the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

The framework for evaluating an ineffective-assistance-of-counsel claim based on counsel's failure to file a notice of appeal is set forth in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). A defendant making such a claim must show that "counsel's representation fell below an objective standard of reasonableness" and that "counsel's deficient performance prejudiced" him. *Id.* at 476-77 (internal quotation marks omitted). If trial counsel has discussed the possibility of appeal with the defendant, he "performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal."

*Id.* at 478.  Failure to follow the defendant's express instructions to file an appeal also establishes prejudice.  *Id.* at 484.

On appeal Mr. Alvarez-Perez argues that there was a basis for appeal because Mr. Rubino joined in a co-defendant's motion for a new trial.  But that motion was denied, and Mr. Alvarez-Perez has not bothered to argue the merits of the issues raised by the motion.  He has not shown that Mr. Rubino performed deficiently in advising that there were no grounds for appeal, and the magistrate judge found that Mr. Alvarez-Perez accepted Mr. Rubino's advice.  We review the district court's factual findings for clear error.  *English v. Cody*, 241 F.3d 1279, 1282 (10th Cir. 2001).  We review credibility findings with even greater deference–"[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses . . . that finding . . . can virtually never be clear error."  *Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985).  The magistrate judge's findings here are not clearly erroneous.  Therefore, no reasonable jurist could determine that the district court erred in denying Mr. Alvarez-Perez's ineffectiveness claim.

We DENY a COA and dismiss the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge
